UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G.T., as Parent and Legal Guardian
of JANE DOE, a Minor,

        Plaintiff,              Judge Steven J. Murphy, III
                                 Magistrate Judge Elizabeth A. Stafford
v                                No. 22-12364

WALLED LAKE CONSOLIDATED
SCHOOLS, MICHAEL LONZE,
NICHOLAS RUSSO, MICHELLE
KALHORN, KELLY SMITH, KATHREN
O'BRIEN, and JULIANNE YOUNG,

        Defendants.

_____/

| | |
|---|---|
| ELIZABETH K. ABDNOUR (P78203) | TIMOTHY J. MULLINS (P28021) |
| ELIZABETH ABDNOUR LAW, PLLC | TRAVIS M. COMSTOCK (P72025) |
| *Attorney for Plaintiff* | GIARMARCO, MULLINS & HORTON, P.C. |
| 1100 W. Saginaw St., Ste. 4A-2 | *Attorneys for Defendants* |
| Lansing, MI 48915 | 101 W. Big Beaver Road, 10th Floor |
| (517) 292-0067 | Troy, MI 48084-5280 |
| elizabeth@abdnour.com | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | tcomstock@gmhlaw.com |

## **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, WALLED LAKE CONSOLIDATED SCHOOLS, including the

improperly named WALLED LAKE CONSOLIDATED SCHOOL DISTRICT

BOARD OF EDUCATION, which is a constituent part of a Michigan Public School

District as provided by the Michigan Revised School Code, and individual

defendants, in their official capacities, MICHAEL LONZE, NICHOLAS RUSSO,

MICHELLE KALHORN, KELLY SMITH, KATHREN O'BRIEN and JULIANNE
YOUNG, state their answer to Plaintiff's Amended Complaint as follows:

## JURISDICTION AND VENUE

1.      In answer to paragraph 1, the Defendants admit that the Plaintiff has
asserted claims under the stated federal and state statutes but denies any violations of
those statutes.

2.      In answer to paragraph 2, the Defendants admit that the Plaintiff has
asserted claims under the Fourteenth Amendment but denies any violation.

3.      In answer to paragraph 3, the Defendants admit that jurisdiction exists
under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.      In answer to paragraph 4, the Defendants admit that the Plaintiff raises
claims under the stated statutes but leaves Plaintiff to her proofs as to whether such
claims ultimately are "cognizable".

5.      In answer to paragraph 5, the Defendants admit that some of the events
occurred in Oakland County, but in further answer state that some may have occurred
in other counties.

6.      In answer to paragraph 6, the Defendants admit that venue is proper.

7.      In answer to paragraph 7, the Defendants neither admit nor deny the
allegations contained therein for lack of knowledge upon which to form a belief and,
therefore, leave the Plaintiff to her proofs.

2

8.     In answer to paragraph 8, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

9.     In answer to paragraph 9, the Defendants admit the allegation.

10.     In answer to paragraph 10, the Defendants admit that the improperly named Board of Education governs the Defendant Walled Lake Community School District ("Walled Lake") but denies that it is capable of being sued as a defendant.

11.     In answer to paragraph 11, the Defendants state that no answer is required.

12.     In answer to paragraph 12, Defendant Lonze admits that he works for Defendant Walled Lake Community School District and states that at all times he acted properly in his role as Interim Superintendent, and now Deputy Superintendent, of Walled Lake.

13.     In answer to paragraph 13, Defendant Russo admits that he works for Defendant Walled Lake and states that at all times he acted properly in his role as Assistant Superintendent of Human Resources and District Title IX Coordinator.

14.     In answer to paragraph 14, Defendant Kalhorn admits that she works for Defendant Walled Lake and states that at all times she acted properly in her role as Principal.

15.     In answer to paragraph 15, Defendant Smith admits that she works for Defendant Walled Lake and states that at all times she acted properly in her role as

Assistant Principal.

16.     In answer to paragraph 16, Defendant O'Brien admits that she works for Defendant Walled Lake and states that at all times she acted properly in her role as a teacher.

17.     In answer to paragraph 17, Defendant Young admits that she works for Defendant Walled Lake and states that at all times she acted properly in her role as a school social worker.

18.     In answer to paragraph 18, the Defendants state that no answer is required because the quoted statute speaks for itself.

19.     In answer to paragraph 19, the Defendants state that no answer is required because the cited regulations speak for themselves.

20.     In answer to paragraph 20, the Defendants state that no answer is required because the quoted regulation speaks for itself.

21.     In answer to paragraph 21, the Defendants state that no answer is required because the cited case speaks for itself.

22.     In answer to paragraph 22, the Defendants state that no answer is required because the cited case speaks for itself.

23.     In answer to paragraph 23 (a-b), the Defendants state that no answer is required because the cited case speaks for itself.

24.     In answer to paragraph 24, the Defendants state that no answer is required

because the allegation states a legal conclusion that will be decided by the Court.

25.     In answer to paragraph 25, the Defendants state that no answer is required because the cited case speaks for itself.

26.     In answer to paragraph 26, the Defendants state that no answer is required because the cited case speaks for itself and the Plaintiff's statements as to the holding is a legal conclusion.

27.     In answer to paragraph 27, the Defendants state that no answer is required because the cited Amendment speaks for itself.

28.     In answer to paragraph 28, the Defendants state that no answer is required because the cited case speaks for itself.

29.     In answer to paragraph 29, the Defendants state that no answer is required because the quoted statute speaks for itself.

30.     In answer to paragraph 30, the Defendants state that no answer is required because the quoted statute speaks for itself.

31.     In answer to paragraph 31, the Defendants state that no answer is required because the quoted statute speaks for itself.

32.     In answer to paragraph 32, the Defendants state that no answer is required because the quoted statute speaks for itself.

33.     In answer to paragraph 33, the Defendants state that no answer is required because the quoted statute speaks for itself.

34.     In answer to paragraph 34, the Defendants state that no answer is required because the quoted statute speaks for itself.

35.     In answer to paragraph 35, the Defendants state that no answer is required because the quoted statute speaks for itself.

36.     In answer to paragraph 36, the Defendants state that no answer is required because the quoted statute speaks for itself.

37.     In answer to paragraph 37, the Defendants state that no answer is required because the quoted statute speaks for itself.

38.     In answer to paragraph 38, the Defendants state that no answer is required because the quoted statute speaks for itself.

39.     In answer to paragraph 39, Defendant Walled Lake admits that it receives federal funding.

## FACTUAL ALLEGATIONS

40.     In answer to paragraph 40, the allegation is admitted.

41.     In answer to paragraph 41, the allegation is admitted.

42.     In answer to paragraph 42, the Defendants admit that Jane Doe began the year on October 3, 2022, and in further answer state that the start date was pursuant to an Interim Alternative Educational Placement agreed to by G.T.

43.     In answer to paragraph 43, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave the Plaintiff to her proofs.

44.     In answer to paragraph 44, the Defendants admit that Jane Doe received special education services and programs under the Individuals with Disabilities Education Act pursuant to an Individualized Educational Plan identifying her qualifying disability as Emotional Impairment.

45.     In answer to paragraph 45, the Defendants admit the allegation.

46.     In answer to paragraph 46, the Defendants admit the allegation.

47.     In answer to paragraph 47, the Defendants admit the allegation.

48.     In answer to paragraph 48, the Defendants admit the allegation and in further answer state that Jane Doe self-harmed by cutting herself eight times with a pencil sharpener blade and claimed that voices told her to do it otherwise her family would be hurt.

49.     In answer to paragraph 49, the Defendants admit the allegation.

50.     In answer to paragraph 50, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

51.     In answer to paragraph 51, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

52.     In answer to paragraph 52, the Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

53.     In answer to paragraph 53, the Defendants deny the allegation for the reason that Jane Doe was excused on April 20, 2022 all day for a doctor's appointment.

54.     In answer to paragraph 54, the Defendants admit the allegation.

55.     In answer to paragraph 55, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

56.     In answer to paragraph 56, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

57.     In answer to paragraph 57, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

58.     In answer to paragraph 58, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

59.     In answer to paragraph 59, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

60.     In answer to paragraph 60, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

61.     In answer to paragraph 61, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

62.     In answer to paragraph 62, Defendant O'Brien admits that she was informed of the alleged call and certain inappropriate actions by John Roe.

63.     In answer to paragraph 63, the Defendants admit the allegation.

64.     In answer to paragraph 64, Defendant O'Brien admits the allegation.

65.     In answer to paragraph 65, the Defendants deny the allegation and in further answer state that supportive measures were provided to Jane Roe and that G.T. stated that she and John Roe's mothers were handling the situation.

66.     In answer to paragraph 66, the Defendants deny the allegation for the reason that once the video call was reported the District conducted an investigation and disciplinary consequences were issued to John Roe.

67.     In answer to paragraph 67, Defendant O'Brien admits that no referral to Child Protective Services was made, and in further answer, states that it was her understanding that G.T. and John Roe's mother were handling the situation between themselves.

68.     In answer to paragraph 68, the Defendants admit that Jane Doe was absent based on a doctor's appointment.

69.     In answer to paragraph 69, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

70.     In answer to paragraph 70, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs. In further answer, specific to the footnote, the Defendants neither admit nor deny the allegation contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

71.     In answer to paragraph 71, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

72.     In answer to paragraph 72, the Defendants admit the allegation.

73.     In answer to paragraph 73, Defendant Young admits that Jane Doe stated that John Doe was looking at her in Defendant O'Brien class but denies the remaining allegations as untrue and leaves the Plaintiff to her proofs.

74.     In answer to paragraph 74, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

75.    In answer to paragraph 75, Defendant Young admits that Jane Doe informed her of the alleged indecent exposure during a video call at her home after school hours and on her personal phone. Defendant Young further states that upon speaking with G.T. she learned that G.T. was handling the situation privately with John Roe's mother. Defendant Young denies being informed of "subsequent harassment" of Jane Doe.

76.    In answer to paragraph 76, Defendant Young admits the allegation.

77.    In answer to paragraph 77, Defendant Young admits that G.T. confirmed the occurrence of the video call but denies that stalking or harassment were discussed

78.    In answer to paragraph 78, the Defendants admit that Jane Doe was marked as an early dismissal.

79.    In answer to paragraph 79, Defendant Young denies the allegation and, in further answer, states that supportive measures were put in place for Jane Doe.

80.    In answer to paragraph 80, the Defendants deny the allegation for the reason that once the video call was reported the District conducted an investigation and disciplinary consequences were issued to John Roe.

81.    In answer to paragraph 81, Defendant Young admits that no referral to Child Protective Services was made, and in further answer, states that it was her understanding that G.T. and John Roe's mother were handling the situation between themselves.

11

82.     In answer to paragraph 82, Defendant Kalhorn admits knowledge of an off school, after-school hours incident between Jane Doe and John Roe that G.T. and John Roe's mother were handling, but denies any knowledge of indecent exposure, harassment, or stalking. Defendant Smith denies the allegations.

83.     In answer to paragraph 83, the Defendants admit the allegation for the reason that the alleged call took place off school property and after school hours.

84.     In answer to paragraph 84, the Defendants deny the allegation for the reason that supportive measures were provided to Jane Roe.

85.     In answer to paragraph 85, Defendants Kalhorn and Smith admit no referral was made to the Title IX coordinator and, in further answer, state that they lacked knowledge of any harassment or stalking on school property.

86.     In answer to paragraph 86, Defendants Kalhorn and Smith deny any knowledge of indecent exposure.

87.     In answer to paragraph 87, the Defendants admit the allegation.

88.     In answer to paragraph 88, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

89.     In answer to paragraph 89, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

90.     In answer to paragraph 90, the Defendants admit that due to the severity of the threats made to John Roe by Jane Roe that law enforcement had to be called due to Jane Roe's refusal to put down her weapon.

91.     In answer to paragraph 91, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

92.     In answer to paragraph 92, the Defendants deny that John Roe walked to the counseling office at the same time as Jane Roe. The Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

93.     In answer to paragraph 93, the Defendants deny the allegations.

94.     In answer to paragraph 94, the Defendants deny the allegations.

95.     In answer to paragraph 95, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

96.     In answer to paragraph 96, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

97.     In answer to paragraph 97, the Defendants admit that Jane Doe obtained a weapon, to wit a knife, and began screaming and yelling at John Roe including threats

to kill him and cut off parts of his body. In further answer, the Defendants state that Jane Roe pointed the knife at Defendant Young. The Defendants lack knowledge upon which to form a belief and, therefore, leave the Plaintiffs to her proofs as to the allegation that she was trying to "protect herself from John Roe."

98.     In answer to paragraph 98, the Defendants admit that Defendant Kalhorn called 911 due to the threat posed by Jane Roe to the safety of others.

99.     In answer to paragraph 99, the Defendants admit that several law enforcement officers arrived and, after several demands for Jane Roe to drop the knife and the need to draw and point their tasers at Jane Roe given the threat Jane Roe posed to others, she eventually surrendered the knife.

100.   In answer to paragraph 100, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

101.   In answer to paragraph 101, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

102.   In answer to paragraph 102, the Defendants admit that Jane Roe left school. In further answer, the Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

103.   In answer to paragraph 103, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

104.   In answer to paragraph 104, the Defendants deny that John Roe attended school on May 9, 2022 for the reason that he was directed to stay home pending an investigation into alleged stalking and harassment on school property, for which no evidence was found. In further answer, the Defendants admit that no disciplinary measures were taken for the alleged indecent exposure call because it occurred off school property and after school hours on the students' personal cell phones.

105.   In answer to paragraph 105, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

106.   In answer to paragraph 106, the Defendants state that no answer is required for the reason that the quoted state statute speaks for itself.

107.   In answer to paragraph 107, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

108.   In answer to paragraph 108, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

109.   In answer to paragraph 109, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

110.   In answer to paragraph 110, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

111.   In answer to paragraph 111, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

112.   In answer to paragraph 112, the Defendants deny knowingly allowing Jane Doe to access the weapon for the reason that she had been previously told twice to stay out of the drawer and kitchen area generally and that no other student has taken any materials out of the staff kitchen area so as to give notice.

113.   In answer to paragraph 113, the Defendants admit that an IEP review meeting was scheduled on May 10, 2022.

114.   In answer to paragraph 114, the Defendants neither admit nor deny the allegations related to G.T.'s reactions for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs. In further answer, the Defendants state that G.T. was told on May 6 of the use of the May 10 date for a Manifestation Determination Review to consider Jane Roe's suspension for special circumstances and

16

G.T. received an email on May 9 with additional information about the recommendation suspension.

115.   In answer to paragraph 115, the Defendants deny the allegation.

116.   In answer to paragraph 116, the Defendants admit that a due process hearing was set for May 18 to consider the suspension recommendation and that G.T. had the right to and did attend.

117.   In answer to paragraph 117, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

118.   In answer to paragraph 118, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

119.   In answer to paragraph 119, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

120.   In answer to paragraph 120, the Defendants admit that it rescheduled the due process hearing to consider the suspension recommendation to June 2, 2022.

121.   In answer to paragraph 121, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

122.    In answer to paragraph 122, the Defendants admit that Mr. Larry Cantlin contacted Walled Lake and identified himself "as an Education Advocate working with [G.T. on behalf of her daughter [Jane Roe]."

123.    In answer to paragraph 123, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs, and if further answer state that Mr. Cantlin identified himself "as an Education Advocate working with [G.T. on behalf of her daughter [Jane Roe]."

124.    In answer to paragraph 124, the Defendants admit that counsel sent G.T.'s and Jane Roe's "Education Advocate" as letter in response to Mr. Cantlin's email requesting information. In further answer, the Defendants state that Walled Lake suspended Jane Roe under the IDEA's "special circumstances" provision and that G.T. agreed with and signed the Interim Alternative Educational Setting ("IAES"), which stated the reason for the suspension.

125.    In answer to paragraph 125, the Defendants deny the allegation.

126.    In answer to paragraph 126, the Defendants deny the allegation for the reason that G.T. attend the IEP and Manifestation Determination Review where she had the opportunity to present any information she wanted to and agreed with the IAES and knew of the reasons for the suspension.

127.    In answer to paragraph 127, the Defendants deny the allegation regarding

18

providing due process and, in further answer, state that the MDE recommendation speaks for itself.

128.   In answer to paragraph 128, the Defendants state that no answer is required as the cited case speaks for itself.

129.   In answer to paragraph 129, the Defendants deny the allegation for the reason that it is untrue.

130.   In answer to paragraph 130, the Defendants deny the allegation and in further answer state that the cited state law speaks for itself.

131.   In answer to paragraph 131, the Defendants state that no answer is required for the reason that Board Policy 2006 speaks for itself.

132.   In answer to paragraph 132, Defendant Lonze admits that at the relevant time he was Interim Superintendent of Walled Lake.

133.   In answer to paragraph 133, Defendant Lonze admits that the final decision was delegated to him but denies that the suspension was unlawful or denied Jane Roe any due process.

134.   In answer to paragraph 134, the Defendants admit that, pursuant to existing policy, suspended students are not permitted to attend in after school activities.

135.   In answer to paragraph 135, the Defendants admit that pursuant to the IAES, which G.T. signed stating the 45-day suspension was for special circumstances under the IDEA, that Jane Roe did not begin her 9th grade year until October 3, 2022.

136.    In answer to paragraph 136, the Defendants deny the allegation for the reason that it is untrue.

137.    In answer to paragraph 137, the Defendants admit that it mistakenly believed that Jane Roe was applying for school of choice with other school districts per a statement from Jane Roe's new advocate, Ms. Carmen Wisniewski.

138.    In answer to paragraph 138, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

139.    In answer to paragraph 139, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs. In further answer, the Defendants state that Ms. Wisniewski stated that G.T. was exploring school of choice options for Jane Roe.

140.    In answer to paragraph 140, the Defendants admit that due to a technical issue with its attendance program that Jane Roe was marked absent. In further answer, the Defendants state that the error was promptly corrected and no absences were recorded.

141.    In answer to paragraph 141, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

142.    In answer to paragraph 142, the Defendants admit that Jane Roe began her

9th grade year in the IAES, as agreed by G.T., at Walled Lake Western School and that John Roe was enrolled there as well. In further answer, the Defendants state that Jane Roe does not leave the self-contained EI classroom for other classes. When she needs to use the restroom or go to other areas of the building, she has an adult escort her.

143.   In answer to paragraph 143, the Defendants admit the allegation.

144.   In answer to paragraph 144, the Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

145.   In answer to paragraph 145, the Defendants admit that Jane Roe was not granted a transfer to another high school for the reason that the District's only EI program is at the Western High School and the EI program is what Jane Roe's IAES required, as agreed to in writing by G.T.

146.   In answer to paragraph 146, the Defendants admit that no current restrictions are given to John Roe, but in further answer state that Jane Roe has an adult escort, who is aware of the issues, with her at all times outside of her EI class.

147.   In answer to paragraph 147, the Defendants admit that Jane and John currently attend the same school but neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

148.   In answer to paragraph 148, the Defendants state that no answer is

required because the quoted regulation speaks for itself.

149.   In answer to paragraph 149, the Defendants state that no answer is required because the quoted regulation speaks for itself.

150.   In answer to paragraph 150, the Defendants deny the allegation as untrue because the Title IX contact is stated on its website at **https://wlcsd.org/parents/title-ix/**.

151.   In answer to paragraph 151, the Defendants state that no answer is required because the quoted regulation speaks for itself.

152.   In answer to paragraph 152, the Defendants state that no answer is required because the cited regulation speaks for itself.

153.   In answer to paragraph 153, the Defendants deny the allegation for the reason that its Parents Title IX website directs questions related to grievance procedures be made to the Title IX contact person listed.

154.   In answer to paragraph 154, the Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

155.   In answer to paragraph 155, the Defendants state that no answer is required because the cited regulation speaks for itself.

156.   In answer to paragraph 156, the Defendants admit that Plaintiff's counsel contacted Walled Lake's counsel.

157.   In answer to paragraph 157, the Defendants state that the email referenced speaks for itself and that the email chain was related to resolution discussions that were part of the IDEA due process hearing and therefore are not admissible in this matter.

158.   In answer to paragraph 158, the Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

159.   In answer to paragraph 159, the Defendants state that no answer is required because the cited regulation speaks for itself.

160.   In answer to paragraph 160, Defendants Kalhorn, O'Brien, Young and Smith deny the allegation for the reason that they had no knowledge of the alleged sexual harassment.

161.   In answer to paragraph 161, the Defendants deny the allegation for the reason that it is untrue and leave the Plaintiff to her proofs.

162.   In answer to paragraph 162, the Defendants state that no answer is required because the cited regulation speaks for itself.

163.   In answer to paragraph 163, the Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

**COUNT I**
**Violation of Title IX**
**Deliberate Indifference to Sex Discrimination 20 U.S.C. § 1681, et seq.**
**(The WLCSD Defendants)**

164.    In answer to paragraph 164, the Defendants incorporate by reference its responses in paragraphs 1-163.

165.    In answer to paragraph 165, the Defendants admit that Plaintiff alleges a Title IX violation.

166.    In answer to paragraph 166, the Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

167.    In answer to paragraph 167, the Defendants deny the allegations.

168.    In answer to paragraph 168, the Defendants deny the allegations.

169.    In answer to paragraph 169, the Defendants deny the allegations.

170.    In answer to paragraph 170, the Defendants deny the allegations.

171.    In answer to paragraph 171, the Defendants deny the allegations.

172.    In answer to paragraph 172, the Defendants deny the allegations.

**COUNT II**
**Violation of Title IX Hostile Environment 20 U.S.C. § 1681, et seq.**
**(The WLCSD Defendants)**

173.    In answer to paragraph 173, the Defendants incorporate by reference its responses in paragraphs 1-172.

174.    In answer to paragraph 174, the Defendants deny the allegations.

24

175.   In answer to paragraph 175, the Defendants admit that Walled Lake receives federal funding.

176.   In answer to paragraph 176, the Defendants deny the allegations.

177.   In answer to paragraph 177, the Defendants deny the allegations.

178.   In answer to paragraph 178, the Defendants deny the allegations.

179.   In answer to paragraph 179, the Defendants deny the allegations.

180.   In answer to paragraph 180, the Defendants deny the allegations.

## COUNT III
### Denial of Substantive Due Process
### 42 U.S.C. § 1983 and the Fourteenth Amendment (Defendants Lonze, Russo, Kalhorn, Smith, O'Brien, and Young, in their individual capacities)

181.   In answer to paragraph 181, the Defendants incorporate by reference its responses in paragraphs 1-180.

182.   In answer to paragraph 182, no answer is required because the quoted Amendment speaks for itself.

183.   In answer to paragraph 183, the Defendants deny the allegations.

184.   In answer to paragraph 184, the Defendants deny the allegations.

## COUNT IV
### Denial of Procedural Due Process
### 42 U.S.C. § 1983 and the Fourteenth Amendment
### (Defendants Lonze, Russo, Kalhorn, Smith, O'Brien, and Young, in their individual capacities)

185.   In answer to paragraph 185, the Defendants incorporate by reference its

responses to paragraphs 1-184.

186.    In answer to paragraph 186, no answer is required because the quoted

Amendment speaks for itself.

187.    In answer to paragraph 187, the Defendants deny the allegations.

188.    In answer to paragraph 188, the Defendants deny the allegations.

189.    In answer to paragraph 189, the Defendants deny the allegations.

190.    In answer to paragraph 190, the Defendants deny the allegations.

**COUNT V**
**Denial of Equal Protection**
**42 U.S.C. § 1983 and the Fourteenth Amendment**
**(Defendants Lonze, Russo, Kalhorn, Smith, O'Brien, and Young,**
**in their individual capacities)**

191.    In answer to paragraph 191, the Defendants incorporate by reference its

responses to paragraphs 1-190.

192.    In answer to paragraph 192, the Defendants deny the allegations.

193.    In answer to paragraph 193, no answer is required because the quoted

Amendment speaks for itself.

194.    In answer to paragraph 194, no answer is required because the referenced

Amendment speaks for itself.

195.    In answer to paragraph 195, the Defendants deny the allegations.

196.    In answer to paragraph 196, the Defendants deny the allegations.

197.    In answer to paragraph 197, the Defendants deny the allegations.

198.    In answer to paragraph 198, the Defendants deny the allegations.

199.    In answer to paragraph 199, the Defendants deny the allegations.

200.    In answer to paragraph 200, no answer is required because the allegations makes a legal conclusion.

201.    In answer to paragraph 201, no answer is required because the quoted case speaks for itself.

202.    In answer to paragraph 202, no answer is required because the quoted case speaks for itself.

203.    In answer to paragraph 203, no answer is required because the quoted case speaks for itself.

204.    In answer to paragraph 204, the Defendants deny the allegations.

**COUNT VI**
**Violation of Section 504 of the Rehabilitation Act of 1973 Disability Discrimination**
**29 U.S.C. § 794, et seq.**
**(All Defendants)**

205.    In answer to paragraph 205, the Defendants incorporate by reference its responses to paragraphs 1-204.

206.    In answer to paragraph 206, the Defendants admit the Walled Lake is subject to § 504.

207.    In answer to paragraph 207, the Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a

belief and, therefore, leave the Plaintiff to her proofs.

208.   In answer to paragraph 208, the Defendants admit that it had knowledge of Jane Doe's Emotional Impairment disability under the IDEA but lacks knowledge to form a belief as to any disability under § 504.

209.   In answer to paragraph 209, the Defendants deny the allegations.

210.   In answer to paragraph 210, the Defendants deny the allegations.

211.   In answer to paragraph 211, the Defendants deny the allegations.

## COUNT VII
## Violation of Title II of the Americans with Disabilities Act Disability Discrimination
## 42 U.S.C. § 12101, et seq.
## (All Defendants)

212.   In answer to paragraph 212, the Defendants incorporate by reference its responses to paragraphs 1-211.

213.   In answer to paragraph 213, the Defendants admit that the ADA applies to Walled Lake.

214.   In answer to paragraph 214, the Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

215.  In answer to paragraph 215, the Defendants admit that it had knowledge of Jane Doe's Emotional Impairment disability under the IDEA but lacks knowledge to form a belief as to any disability under the ADA.

216.   In answer to paragraph 216, the Defendants deny the allegations.

217.   In answer to paragraph 217, the Defendants deny the allegations.

218.   In answer to paragraph 218, the Defendants deny the allegations.

## COUNT VIII
### Violation of the Elliott-Larsen Civil Rights Act Sex Discrimination
### M.C.L. § 37.2101, et seq.
### (All Defendants)

219.   In answer to paragraph 219, the Defendants incorporate by reference its responses to paragraphs 1-218.

220.   In answer to paragraph 220, no answer is required because the allegation states a legal conclusion rather than factual allegation.

221.   In answer to paragraph 221, no answer is required because the quoted statute speaks for itself.

222.   In answer to paragraph 222, the Defendants deny the allegations.

223.   In answer to paragraph 223, the Defendants deny the allegations.

## COUNT IX
### Violation of the Persons with Disabilities Civil Rights Act Disability Discrimination
### M.C.L. § 37.1101, et seq.
### (All Defendants)

224.   In answer to paragraph 224, the Defendants incorporate by reference its responses to paragraphs 1-223.

225.   In answer to paragraph 225, no answer is required because the PWDCRA speaks for itself.

29

226.   In answer to paragraph 226, no answer is required because the PWDCRA speaks for itself.

227.   In answer to paragraph 227, no answer is required because the PWDCRA speaks for itself.

228.   In answer to paragraph 228, the Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave the Plaintiff to her proofs.

229.   In answer to paragraph 229, the Defendants admit that it had knowledge of Jane Doe's Emotional Impairment disability under the IDEA but lacks knowledge to form a belief as to any disability under the PWDCRA.

230.   In answer to paragraph 230, the Defendants deny the allegations.

231.   Other similarly situated individuals were treated more favorably or not subjected to the same treatment.

232.   In answer to paragraph 231, the Defendants deny the allegations.

233.   In answer to paragraph 232, the Defendants deny the allegations.

## COUNT X
## Injunctive Relief

234.   In answer to paragraph 233, the Defendants incorporate by reference its responses to paragraphs 1-232.

235.   In answer to paragraph 234, the Defendants deny the allegations.

236.   In answer to paragraph 235, the Defendants deny the allegations.

237.   In answer to paragraph 236, the Defendants deny the allegations.

238.   In answer to paragraph 237, the Defendants deny the allegations.

239.   In answer to paragraph 238, the Defendants deny the allegations.

240.   In answer to paragraph 239, the Defendants deny the allegations.

241.   In answer to paragraph 240, the Defendants deny the allegations.

242.   In answer to paragraph 241, the Defendants deny the allegations.

WHEREFORE, Defendants WALLED LAKE CONSOLIDATED SCHOOLS, MICHAEL LONZE, NICHOLAS RUSSO, MICHELLE KALHORN, KELLY SMITH, KATHREN O'BRIEN and JULIANNE YOUNG, respectfully request that this Honorable Court enter an order of no cause of action as to Defendant, together with costs and attorney fees so wrongfully sustained.

/s/ TRAVIS COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com
P72025

DATED: December 19, 2022

## **AFFIRMATIVE DEFENSES**

Defendants, WALLED LAKE CONSOLIDATED SCHOOLS, MICHAEL LONZE, NICHOLAS RUSSO, MICHELLE KALHORN, KELLY SMITH, KATHREN O'BRIEN and JULIANNE YOUNG, by and through their attorneys,

31

GIARMARCO, MULLINS & HORTON, P.C., state their Affirmative Defenses as follows:

1.     Plaintiff's Complaint fails to set forth a claim or cause of action upon which relief can be granted as prayed.

2.     Defendants will show that at all times relevant hereto, they were engaged in a governmental function acting within the scope of their authority and, as such, are immune or entitled to qualified immunity from suit for civil damages as set forth in Plaintiff's Complaint.

3.     Defendants will show that Plaintiff has failed to prove any deprivation of a State or Federal right, nor has Plaintiff alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon Michigan statutes, including but not limited to MCL §37.2101 *et seq*.

4.     Defendant will show at the time of trial that Plaintiff was guilty of negligence or other conduct which contributed to the actions complained of, and her conduct in this regard was the sole or partial cause of any damage complained of, and Plaintiff's recovery should be barred or diminished to the extent of such conduct.

5.     Defendant will show at the time of trial that they were guided by and strictly observed all legal duties and obligations imposed by law or otherwise, and further, that all actions of any of their agents, servants, employees or associates were careful, prudent, proper and lawful.

6.     Defendant will show and rely upon at the time of trial that Plaintiff, as a matter of law, is not entitled to exemplary or punitive damages.

7.     Defendant will show and rely upon at the time of trial that they were not subject to liability under the relevant federal and state statutes.

8.     Defendant will show and rely upon at the time of trial that any damages complained of were proximately caused by third persons not under the control of Defendants.

9.     Defendants reserve the right to amend their Answer, including additional Affirmative Defenses, upon completion of investigation and discovery of this cause.

/s/ TRAVIS COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: December 19, 2022

## RELIANCE UPON JURY DEMAND

Defendants, WALLED LAKE CONSOLIDATED SCHOOLS, MICHAEL LONZE, NICHOLAS RUSSO, MICHELLE KALHORN, KELLY SMITH, KATHREN O'BRIEN and JULIANNE YOUNG, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby rely upon the jury demand previously filed by Plaintiff as to all issues of trial.

/s/ TRAVIS COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

TRAVIS M. COMSTOCK states that on December 19, 2022, he did serve a copy of the Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Reliance on Jury Demand via the United States District Court electronic transmission.

<u>/s/ TRAVIS COMSTOCK</u>
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com
P72025

34