UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GT,

        Plaintiff,

v.

WALLED LAKE CONSOLIDATED
SCHOOL DISTRICT, et al.,

        Defendants.
_____/

Case No. 2:22-cv-12364

HON. STEPHEN J. MURPHY, III
MAG. ELIZABETH A. STAFFORD

## **JOINT DISCOVERY PLAN**

A Rule 16 Scheduling Conference is scheduled for **January 11, 2023**. Appearing for the parties as counsel will be:

    Elizabeth Abdnour, Counsel for Petitioner
    Travis Comstock, Counsel for Respondent

1)    **Jurisdiction**: The basis for the Court's jurisdiction is:

Subject matter jurisdiction is based on 28 U.S.C. § 1331, which grants district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over: (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

2) **Statement of the Case**: This case involves:

Plaintiff alleges violations of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101, *et seq.*; and the Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101, *et seq*. This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. The basis of these claims is Defendants' discrimination and retaliation against Plaintiff based on her sex and her disability, as Defendants failed to properly protect Plaintiff from and respond to sex discrimination against her by another student; retaliated against her when she protected herself from that student; failed to provide her with appropriate disability accommodations; failed to provide her with due process before depriving her of her education; and failed to initiate an appropriate Title IX investigation; and Defendants continue to place her in danger of further sex discrimination by forcing her to attend the same high school as that student, despite Defendant WLCSD having three possible high schools that the student could attend.

Defendants state: This case involves the Plaintiff minor intentionally and knowingly, after being told to remain in a specific room in the middle school's counseling office, entering a staff only area and obtaining a knife. Unprovoked by another other student, the minor Plaintiff then threatened him several times forcing him and his counselor to shut the door and escape via a window. The minor Plaintiff refused to surrender the knife she obtained to staff until under threat of being tased by police that responded to the situation.
Contrary to the Plaintiff's claims, the Defendants lacked knowledge of any alleged prior harassment or stalking of the minor Plaintiff by the other student at school because the Plaintiff minor did not report such. The Plaintiff first informed the District that the minor Plaintiff

2

had a video call with the other student that occurred after school hours and occurred on their private cell phones from their respective homes. The Plaintiff wanted to speak to the other student at school, which was denied, and she then informed the District that she and the other student's mother were handling the off-school incident together. The purported video call did not cause a disruption at school prior to the minor Plaintiff threatening the other student's life in the counseling office.

The District appropriately held a manifestation determination review (MDR) under the Individuals with Disabilities Education Act and determined that the minor Plaintiff's action was a manifestation of her disabilities. However, under the "special circumstances" provision of the IDEA, the minor Plaintiff could be suspended up to 45-days for her actions. The Plaintiff received notice of and attended the IEP and MDR meetings. The Plaintiff signed the Interim Alternative Education Services agreement that stated the 45-day suspension and the placement that would be appropriate for the minor Plaintiff upon her return.

The Defendants deny that any Title IX investigation was required since the video call occurred at home and not on school property or with school equipment. The Defendants did not act with deliberate indifference once the minor Plaintiff escalated the situation with her knowing actions that threatened the safety of the other student and staff in the counseling office. The Defendants further deny any violation of other federal or state laws.

3) **Pendent State Claims**: This case does include pendent state claims.

   Plaintiff alleges violations of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101, *et seq*.; and the Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101, *et seq*. based on the facts listed above.

   The Defendants object to the Court retaining any state law claims under pendent or supplemental jurisdiction.

4) **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by 06/26/2023.

5) **Disclosures and Exchanges**: The parties have agreed to make available the following documents without the need of a formal request for production:
From Plaintiff to Defendant: initial disclosures.
From Defendant to Plaintiff: initial disclosures.

6) **Discovery**: The parties believe that all discovery proceedings can be completed by 11/06/2023. The parties recommend the following discovery plan, and acknowledge that if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of these motions from the Court to the parties:

| | |
|---|---|
| Discovery Begins: | 01/11/2023 |
| Initial Disclosures Due: | 03/27/2023 |
| Witness List Disclosures Due: | 07/10/2023 |
| Expert Disclosures Due: | 07/24/2023 |
| Discovery Ends: | 11/06/2023 |
| Dispositive Motions Due: | 1/19/2024 |

7) **Disclosure / Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

    Both parties have ESI which will be subject to disclosure and the parties shall prepare and file a proposed joint ESI order to facilitate the exchange of this information.

8) **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

    The parties will prepare and file a proposed joint protective order to address concerns of confidentiality as well as privilege or work product immunity for items inadvertently produced during discovery.

9) **Motions**: The parties acknowledge that Local Rule 7.1 requires a moving party to ascertain whether any motion will be opposed. All motions must affirmatively state the efforts of the moving party to comply with the

4

obligation created by Local Rule 7.1. All non-dispositive motions must be accompanied by a certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Local Rule 7.1. All discovery motions must be accompanied by a certificate and any relevant documentation or correspondence detailing the movant's attempts to seek resolution of the discovery dispute before filing the motion. The parties also acknowledge that Civil Rule 78(b) allows the Court to submit and determine motions on the briefs, without a hearing. Last, the parties acknowledge that the Court prefers parties do not file courtesy copies of motions and briefs.

The following dispositive motions are contemplated by each party:

For Plaintiff: to be determined after discovery is completed.

For Defendants: to be determined after discovery is completed but Defendants anticipate a motion for summary judgment.

10) **Alternative Dispute Resolution**: The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Plaintiff is open to resolving this matter through ADR, including facilitative mediation, case evaluation, and settlement conferences.

Defendants prefer facilitate mediation as a method of ADR.

11) **Jury or Non-Jury**: This case is to be tried before a jury.

12) **Length of Trial**: Counsel estimate the trial will last approximately 5 days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

   3 days for Plaintiff's case
   2 days for Defendants' case

13) **Prospects of Settlement**: The status of settlement discussions is:

5

No settlement discussions have occurred yet.

14) **Electronic Document Filing System**: Counsel acknowledges that Local Rule 5.1 requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the party has been excused from electronic filing on motion for good cause shown. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) acknowledge that they must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party acknowledges that they must file documents electronically but serve pro se parties with paper documents in the traditional manner.

15) **Other**:  N/A.


Respectfully Submitted,

**/s/ Elizabeth K. Abdnour (P78203)**
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Fax: (517) 709-7700
elizabeth@abdnour.com
Dated: January 4, 2023


/s/ Travis Comstock
TRAVIS M. COMSTOCK (P72025)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tcomstock@gmhlaw.com
Dated: January 4, 2023